IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 18-CR-30066-SPM-1 |
| **ALBERT L. RICHARDSON, JR.,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Albert L. Richardson, Jr. (Doc. 77). For the reasons set forth below, the Court denies the motion.

### FACTUAL & PROCEDURAL BACKGROUND

Richardson was charged in 2018 and was found guilty that same year of felon in possession of a firearm under 18 USC § 922(g) (Docs. 1, 12, 45). Richardson's Presentence Investigation Report indicated that Richardson had an extensive criminal history, with convictions related to firearms and drug trafficking, as well as multiple revocations of supervised release. Albert was ultimately sentenced to 96 months of imprisonment and three years of supervised release (Doc. 57).

On August 19, 2020, Albert filed a motion in this Court seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), stating that he has medical conditions, including type 2 diabetes, morbid obesity, and hypertension, which he argues make him particularly susceptible to Covid-19 (Doc. 77). Albert later noted in his reply that

he contracted Covid-19 (Doc. 91).

## ANALYSIS

**I. No Legislative Grant of Authority for the Expenditure of Public Funds**

The government relies on *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013) for the proposition that the appointment of counsel at public expense for indigent prisoners seeking compassionate release under § 603(b) and 18 U.S.C. § 3582(c)(1)(A) is not authorized by statute or consistent with Seventh Circuit precedent.

But *Foster* involved a Motion to Reduce Sentence filed pursuant to 18 U.S.C. § 3582(c)(1)(A). A Motion for Compassionate Release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A), is distinguishable from a Motion to Reduce Sentence. In the context of a Compassionate Release Motion, once the prisoner meets the statutory threshold of age or compelling circumstance, district courts must consider the § 3553(a) factors, effectively reopening the sentencing proceeding in order to resolve the motion. This is an entirely different proceeding from a Motion to Reduce Sentence. A Motion to Reduce Sentence requires only a mathematical recalculation based on a changed guidelines provision – a technical adjustment of the sentence. In other words, unlike a Motion to Reduce Sentence, a Motion for Compassionate Release constitutes an extended sentencing proceeding, thereby *requiring* the appointment of counsel for indigent prisoners. *See* 18 U.S.C. § 3006A.

**II. Motion for Compassionate Release**

*A. Applicable Law*

Prior to the passage of the First Step Act, a defendant seeking compassionate

release first had to request it from the BOP Director. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.[1]

After such a motion is filed, either by the Director of BOP or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement sets forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement

---

[1] Both parties acknowledge that Richardson has exhausted his administrative remedies.

requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

A number of courts have confronted the issue of whether—in light of the First Step Act and its grant of authority to defendants to file their own compassionate release motion—the "catch-all" provision of Subsection D is still limited only to the BOP Director's determination of whether other extraordinary and compelling circumstances exist or whether a court may make that determination. The Seventh Circuit Court of Appeals recently held that district courts may determine whether other "extraordinary and compelling circumstances" warrant relief. *See U.S. v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

*B. Discussion*

The Court starts by noting that Richardson has already contracted Covid-19. While there does appear to be at least a theoretical possibility that an individual might contract Covid-19 more than once, present research appears to indicate that it is unlikely.

The Court, however, need not decide based on Richardson's health in conjunction with any other circumstances because the Section 3553(a) factors, the nature and circumstances of the offense and the history and characteristics of the defendant weigh in favor of denying Richardson's motion. *See* 18 U.S.C. § 3553(a)(1). The nature of the act for which Richardson is currently incarcerated coupled with his extensive criminal history and his history of failures on supervised release lead the Court to conclude Richardson may still constitute a danger to the community and

that it cannot justify compassionate release in this case.

Additionally, to allow Richardson to be released after serving roughly one-third of his 96-month sentence would fail to provide just punishment for his offenses. *See* 18 U.S.C. § 3553(a)(2)(A). The Court is concerned that such a short sentence would fail to deter Richardson from further criminal conduct and, thus, would place the community at risk of additional crimes. *See* 18 U.S.C. § 3553(a)(2)(B)-(C).

## CONCLUSION

For these reasons, the Motion for Compassionate Release (Doc. 77) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   January 8, 2021**

> *s/ Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**